UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SEBASTIAN ECCLESTON,
*Prisoner Identification No.* 12207-051,

    Petitioner,

v.

TIMOTHY STEWART, *Warden*,

    Respondent.

Civil Action No. TDC-16-1322

**MEMORANDUM OPINION**

This matter is before the Court on self-represented Petitioner Sebastian Eccleston's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Eccleston has also filed an Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 and a Motion to Stay Proceedings. ECF Nos. 2 & 3. Eccleston, a federal prisoner confined at the Federal Correctional Institution in Cumberland, Maryland, asks this Court to vacate his 1996 conviction and sentence in the United States District Court for the District of New Mexico for carjacking and interference with commerce by threat or violence. For the reasons set forth below, this case will be transferred to the United States Court of Appeals for the Tenth Circuit for all further proceedings.

**BACKGROUND**

In 1996, Eccleston pled guilty to carjacking in violation of 18 U.S.C. § 2119(1), using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), interference with commerce by threat or violence against the victim in violation of 18 U.S.C. § 1951(a), and carrying a sawed-off shotgun in relation to interference with commerce in

violation of 18 U.S.C. § 924(c). *United States v. Eccleston*, No. 95-CR-00014-LH-2 (D.N.M. 1996). He was sentenced to 417 months of imprisonment on November 12, 1996. *Id.* The Tenth Circuit affirmed the conviction and sentence on December 17, 1997. *United States v. Eccleston*, No. 96-2272, 1997 WL 774758 at *1-3 (10th Cir. 1997).

On May 4, 2001, Eccleston filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Mot. to Vacate, *Eccleston v. United States of America*, No. 01-CV-00500-LH-WD (D.N.M. May 4, 2001). The Motion was dismissed with prejudice as time-barred. *Eccleston v. United States of America*, No. 01-CV-00500-LH-WD (D.N.M. June 15, 2001). Since then, Eccleston has filed five petitions in the Tenth Circuit seeking permission to file second or successive § 2255 motions. *See United States v. Eccleston*, 16-CV-00414-LH-WPL (D.N.M. May 20, 2016) (listing Eccleston's Petitions to file second or successive § 2255 motions).

On May 9, 2016, Eccleston filed a § 2255 motion in the United States District Court for the District of New Mexico seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *United States v. Eccleston*, No. 16-CV-00414-LH-WPL (D.N.M. May 9, 2016). As Eccleston had not obtained pre-filing authorization to file a second or successive motion to vacate, set aside or correct the sentence, as is required under 28 U.S.C. § 2255(h),[1] the court dismissed the Motion without prejudice for lack of jurisdiction and denied a Certificate of

---

[1] This section provides that a second or successive motion filed pursuant to 28 U.S.C. § 2255 must be certified by the court of appeals to contain: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (2012).

2

Appealability. *United States v. Eccleston*, No. 16-CV-00414-LH-WPL (D.N.M. May 20, 2016). The court found that in light of Eccleston's five prior petitions seeking pre-filing authorization from the Tenth Circuit, the Motion was not filed in good faith and that Eccleston "should have realized that the forum in which he ... filed [his second or successive claims] was improper." *Id.* at 4 (quoting *Small v. Millyard*, 488 F. App'x 288, 291 (10th Cir. 2012)) (alteration in original). The court therefore determined that transfer of the case to the Tenth Circuit was not in the interests of justice. *Id.* The court also informed Eccleston that he has until June 26, 2016 (one year from the date *Johnson* was decided) to file a § 2255 motion seeking relief under *Johnson* and that the claim will not be time-barred if filed anew by that date in the Tenth Circuit. *Id.* at 3.

## DISCUSSION

### I. Jurisdiction

Like Eccleston's May 9, 2016 Petition in the District of New Mexico, the instant Petition for Writ of Habeas Corpus, filed in the District of Maryland on May 13, 2016, also seeks relief in light of *Johnson*. Eccleston asserts that this Court has jurisdiction because the remedy provided under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his conviction. In addition, Eccleston moves to stay this matter pending the outcome of his request before the Tenth Circuit to file a second or successive § 2255 motion.[2]

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is typically the exclusive remedy for testing the validity of federal judgments and sentences. 28 U.S.C. § 2255(a); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (observing that "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their

---

[2] The PACER electronic case locator system does not indicate whether Eccleston has a pending motion in the Tenth Circuit for permission to file a second or successive § 2255 motion.

convictions and sentences through § 2255"). "[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). "In contrast to a § 2255 habeas petition, which is filed with the original sentencing court, a § 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).

A prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Prousalis v. Moore,* 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). If a federal inmate files a § 2241 petition that does not fall within the purview of this "savings clause," then the "unauthorized habeas motion must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807.

The "savings clause" is not triggered merely "because an individual is procedurally barred from filing a Section 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Hood v. United States*, No. 01-6151, 2001 WL 648636, at *1 (4th Cir. June 12, 2001). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

On April 18, 2016, the Supreme Court held that *Johnson* announced a substantive, rather than procedural, rule because it altered the reach of the underlying statute rather than the judicial procedures by which the statute was applied. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson* thus applies retroactively to cases on collateral review. *Id.* Because the Supreme Court has announced that *Johnson* establishes a new rule of constitutional law to be applied retroactively to cases on collateral review, Eccleston cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. As such, this Court lacks jurisdiction to consider this matter. Instead, Eccleston must seek relief from the sentencing court pursuant to § 2255 or seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Recognizing that the deadline for filing *Johnson* claims is imminent, and because the Court has not confirmed that Eccleston has already sought such authorization from the Tenth Circuit, the Court shall in the interests of justice, transfer this case pursuant to 28 U.S.C. § 1631 to the Tenth Circuit. *See United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013).

## CONCLUSION

For the reasons stated above, this case will be TRANSFERRED to the United States Court of Appeals for the Tenth Circuit for all further proceedings. The Emergency Motion to Correct Sentence and the Motion to Stay are thus DENIED AS MOOT. A separate Order shall issue.

Date: June 7, 2016

THEODORE D. CHUANG
United States District Judge